**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | CIVIL ACTION NO. 4:19-cv-03069 |
| CLEVELAND IMAGING *and* SURGICAL HOSPITAL LLC, | § § § § § § | |
| Debtor, | § § § | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| CAMIL KREIT et al, Appellants. | § § § | |

**OPINION AND ORDER DENYING MOTIONS TO DISMISS**

Before the Court is a motion by Appellee Christopher Quinn to dismiss the appeal. Dkt 9. Also before the Court is a supplemental motion by Quinn to dismiss the appeal. Dkt 17. Upon consideration the Court denies the motions.

1. Background

This action follows from a bankruptcy currently pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division. *In re: Cleveland Imaging and Surgical Hospital LLC*, Bankruptcy Case No 14-34974.

In that action, the bankruptcy court entered an order imposing monetary sanctions against Appellants Camil Kreit, Samil Kreit, Fadi Ghanem, and Troy Wilson. Dkt 17-1. On August 14, 2019 Appellants filed a notice of appeal regarding that order. Dkt 1.

On October 28th, Appellants moved for an extension of the deadline to file their original brief. Dkt 6. The Court granted this

extension and ordered Appellants to file their original brief by November 11th. Dkt 8.

On November 12th, Appellant Wilson filed the original brief on behalf of himself, Camil Kreit, and Samir Kreit. Dkt 10. Quinn filed a motion to dismiss the appeal that same day and asserted that Appellants failed to file their original brief by the required deadline. Dkt 9.

On December 27th, Quinn filed a supplemental motion to dismiss on assertion that Appellants' notice of appeal was untimely. Dkt 17.

On January 8, 2020 the Court held a status conference and heard argument on both motions to dismiss. The Court ordered Appellants to file a response to the supplemental motion to dismiss by January 17th. Appellants filed their response as directed. Dkt 25.

2.   Analysis

*As to the timing of the original brief.* Federal Rule of Bankruptcy Procedure 8018(a)(4) provides: "If an appellant fails to file a brief on time or within an extended time authorized by the district court . . . an appellee may move to dismiss the appeal." FRBP 8018(a)(4). Quinn asserts that Appellants failed to timely file their original brief pursuant to this rule.

Bankruptcy appeals are frequently dismissed for failure to comply with the duty of diligent prosecution. *Matter of Braniff Airways Inc*, 774 F2d 1303, 1305 (5th Cir 1985); see also *In re Jolly Properties Inc*, 2009 WL 2940082, at *1 (SD Tex). But the decision to dismiss on this basis is left to the court's discretion. *Matter of Braniff Airways Inc*, 774 F2d at 1305.

The Court's order required Appellants to file their original brief by November 11, 2019. Dkt 8. This day fell on Veteran's Day, a federal holiday. Appellants filed their original brief the next day following this holiday.

The Court does not find from this a lack of "diligent prosecution" and accepts the original brief as timely filed.

*As to the timing of the notice of appeal.* Federal Rule of Bankruptcy Procedure 8002(a)(1) requires that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after *entry of* the judgment, order or decree being appealed." (Emphasis added). This is a jurisdictional requirement: "[T]he failure to file a timely notice of appeal in the district court leaves the district court . . . without jurisdiction to hear the appeal." *In re Berman-Smith*, 737 F3d 997, 1003 (5th Cir 2013).

The parties dispute the date of "entry of" the bankruptcy court's sanctions order. On the order itself, Quinn points to the Case Management and Electronic Case Filing (CM/ECF) stamp that states: "Filed in TXSB on 07/30/19." Appellants point to the seal affixed atop the first page that states: "ENTERED 08/01/2019." See Dkt 17-1.

Why does this matter? Quinn asserts that Appellants failed to timely file their notice of appeal. If the entry date was July 30th, then the notice of appeal on August 14th was untimely, and this Court would have no choice but to dismiss the appeal for lack of subject matter jurisdiction. *In re Berman-Smith*, 737 F3d at 1003. But if the entry date was August 1st, then the notice was timely, and this Court has jurisdiction.

"Entry" is defined under Rule 8002(a) as that date "when it is entered in the docket under Rule 5003(a)." FRBP 8002(a)(5)(A)(i). Rule 5003(a) in turn provides that "entry of a judgment or order in a docket shall show the date the entry is made." FRBP 5003(a).

As Appellants note, the sanctions order bears a seal stating that it was "entered" on August 1st. Dkt 17-1 at 1. The Court additionally notes that the bankruptcy court's CM/ECF docket report states: "Signed on 7/30/2019. (rsal) (Entered: 08/01/2019)." Dkt 17-3 at 4. The Court finds usage of the word "entered" in both places to have dispositive meaning in accord with the definition of "entry" under Rule 8002(a).

To the extent Quinn points to the CM/ECF stamp at the top of the order that bears a date of July 30th, this corresponds only to the date that the order was signed and filed, not entered.

3

The Court finds Appellants' notice of appeal on August 14th to be timely.

3. Conclusion

The Court DENIES the motions to dismiss the appeal.

SO ORDERED.

Signed on January 31, 2020, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge