UNITED STATES DISTRICT COURT　　　SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
January 22, 2021
Nathan Ochsner, Clerk

| | |
|---|---|
| Camil Kriet, *et al.*, § § § Plaintiffs, § § *versus* § § Christopher L. Quinn, § § Defendant. § | Civil Action H-19-3069 |

| | |
|---|---|
| *In re* § Cleveland Imaging & Surgical § Hospital, L.L.C., § § Debtor. § | Bankruptcy 14-34974 |

## Opinion on Appeal

1. *Background.*

On June, 21, 2019, the bankruptcy court ordered Dr. Camil Kreit, Dr. Samir Kreit, Dr. Fadi Ghanem, and Troy Wilson to appear and show cause why they should not be sanctioned. On July 22, 2019, and July 24, 2019, the bankruptcy court held the show cause hearings. On July 26, 2019, the court orally found that the Appellants had violated the automatic stay and were in contempt of court orders by filing an adversary.

On July 30, 2019, the bankruptcy court held a hearing to determine damages and reasonable attorney's fees, where the parties announced an agreement regarding those numbers. The court held Appellants liable for $38,000 in damages and fees, enjoined them from further violating the automatic stay, and imposed a $100,000 sanction for all future violations of the injunction.

On August 18, 2019, the Appellants appealed the July 30, 2019, order

imposing sanctions saying that: (a) they had the authority to file the adversary regardless of the stay, (b) the court violated their due process rights by asserting its inherent power to impose sanctions, and (c) future sanctions were punitive.

2. *Authority to File the Adversary.*

The Appellants say that they had the right to file the adversary under a Tolling Agreement from May 2017. They allege the language of the Agreement preserved the right of any party to bring its claims within six months of the settlement of the Aetna litigation. They also argue the filing was not done in bad faith but was based on their good faith belief that some of their claims were not derivative claims because their injury was independent of that of the corporation. In support, the Appellants say that they lost investments and future earnings.

The bankruptcy court's orders clearly said that the debtor's claims and causes of action belonged to Quinn. Attempting to claim a right under an agreement in an unrelated proceeding is banned. It is clear that the Tolling Agreement authorized only Quinn to refile adversary proceedings. The Appellants' claims of theft, unjust enrichment, fraud, and conversion are derivative. No matter how artful or imaginative those claims are pleaded, they remain derivative.

Because the Appellants did not have the authority to file the adversary and were in violation of the bankruptcy court's orders, their argument fails.

3. *Bankruptcy Court's Power to Impose Sanctions.*

The Appellants claim that the bankruptcy court had remedies available to it other than asserting its inherent power, so it was obliged to use them first. They say that the court should have proceeded under bankruptcy rule 9011 which would have given Appellants an opportunity to cure before sanctions were imposed. Appellants also argue the court chose this path because of bias toward Kriet.

Section 105 of the Bankruptcy Code gives the bankruptcy court the inherent authority to take action, *sua sponte*, to enforce court orders and prevent abuse. The court did not have to give the Appellants a safe-harbor period required under Bankruptcy Rule 9011 because it was not invoked. The court had the power to impose sanctions without a safe-harbor period under its own authority and chose to do so instead of waiting for a Rule 9011 motion. No error resulted from this action affecting the process they were due.

The court's knowledge of Kriet was not *prejudice*; it was accumulated experience with Kriet in the case before it.

Because the bankruptcy court had the authority to impose sanctions, the Appellant's argument fails.

4. *Nature of the Sanctions.*

The Appellants argue that the $100,000 sanction for future violations was punitive and beyond the bankruptcy court's authority because its primary purpose was to punish rather than as compensation.

It is uncontested that the sanctions for damages, for fees, and for injunctive relief are not punitive. The $100,000 sanction for future violations is an arbitrary amount and potentially may not reflect the costs created by the violation it will address. Given the Appellants continued recalcitrance in this bankruptcy, the economic disincentive created by imposing future sanction is weak considering their willingness to pay past sanctions yet continuing to violate the bankruptcy court's orders. The court does not disagree that substantial monetary sanctions may be imposed in the future, but that amount must be determined based on the facts of the violation at the time. Sanctions can arise in all manner of ways and in all manner of severity.

Because the sanction imposed for future violations is arbitrary and the deterrence is weak, it will be vacated.

5. *Conclusion.*

Because the Appellants had no arguable authority to file the adversary and the court was within its power to impose sanctions, the bankruptcy court's order imposing sanctions for damages, fees, and injunctive relief will be affirmed.

Because the amount is arbitrary and the economic disincentive is weak, the $100,000 sanction for future violations will be vacated.


Signed on January 19, 2021, at Houston, Texas.


_____
Lynn N. Hughes
United States District Judge